*223 OPINION of the Court, by
Ch. J. Boyle.
Prather and Smiley having obtained a judgment and execution, for the sum of £, 139 19⅜. 3d. with interest and costs of suit against Gray, purchased of him a negro fa >v, for which he executed to them a bill of sale, and they executed to him an instrument in the following terms: “Whereas we have this day purchased from Cap *224 tain George Gray a negro boy named Reuben, for the sum of eighty pounds, which sum we will give him a credit for on our execution against him, it is however understood anti agreed to by the parties, that if Captain Gray should pay us within three months from this date, the amount of an execution issued from the Jefferson circuit court in our name against him with interest and costs, that we will return him his boy, if we should not in the course of that time lose him by death or otherwise ; and it is understood and agreed on, that if the boy-should die in the course of the three months, that he is Captain Gray’s loss.”
This is a Jale defeafible only by a punctual performanne oí the condition and not a mere .ucurltj for mo*
Gray failed to pay the amount of the execution within the three months, but about the expiration of that time tendered the sum of£. 85 10s. which was refused by-Prather and Smiley, who alter endorsing the credit ol £. 80 for the boy, caused the residue of the execution to be levied of Gray.
la tins situation of things, Gray exhibited his bill to redeem the boy ; and the decree being against him in the court below he has appealed to this court.
The only question which the case presents, is, whether the agreement respecting the boy is to be construed a mortgage, or to be considered a defeasible purchase, which became absolute by the failure of Gray to pay the amount of the execution in the time limited by the agreement ?
Whether a transaction ought to be construed to be a mortgage or not, is often a nice and difficult question, and its determination must always depend much upon the particular circumstances of each case.
It is of the essence of a mortgage to be a security for the payment of money, and wherever a conveyance of property is not intended as a pledge or security, it will operate as a sale, not as a mortgage. It appears pretty-evident, from the circumstances of this case, that the boy in question was next intended as a security for th@ money—
1st. Because the price is agreed on between the parties, as is done in all sales, but which is rarely the case in mortgages or pledges.
2d. Because the money which was due, and upon the payment of which the boy was to be returned, was greatly above his value; whereas in mortgages ei *225 pledges, the value of the property conveyed is generally, if not always, greatly above the sum that is intended to be secured ; and in the very nature af things it is impossible that property can operate as a security for the payment of money beyond its value. ,.
3d. Because the debt had been replevied, and there is no suggestion that either Gray or his security was in doubtful circumstances or that any suspicion of their insolvency was entertained by 'Prather and Smiley* When the money was thus effectually secured, it is difficult to imagine a possible motive which couidsfaave induced Prather and Soil Ivy to take as a pledge the boy in question, the value of which was so inadequate to the montv due.
4th. Because tine parlies bv their agreement have expressly provided that iu ease the boy shbuícl die within the three months limited tor the payment of the money, the loss shou.'i.j be sustained by Gray ; whereas if they had intended the boy to operate as a pledge or security, such a provision would have been unnecessary, since property which is piwl.rwi is always at the risk ef of the debtor, and not of the creditor, without any (/■) ifi£t GÍfecr-
I hese ctrcums! noces combined, we tb>nk warrant the conclosioii that the transaction with respect to the negro boy could not have been intended as a security for the payment of the money due from Gray to Pra-ther and Smiley, and consequently cannot be' codsttu-ed to be a mortgage — —-Decree affirmed, &e.